Ralph Hernandez
V
State of Alaska
Court of Appeals
No. A-13618
Feb. 9th, 2024

The right to a speedy trial is guranteed by Article 1, Section 11 of the Alaska Constitution, and by the Sixth Amendment of the United States Constitution.

If an accused can not make bail, Lengthy exposure to these conditions "Has destructive effect on human charcter.
In addition, Society loses wages which may have been earned, and it must often support families of incarcerated breadwinners.

The Supreme Court concluded, that any inquiry into a speedy trail claim "nessitates a functional" analysis of the right particular of the case.

The right was originally designed to prevent Lengthy pretrial incarceration.
And regardless of prejudice in attempting to defend on the merits Long delay may "Seriously interfere with a defendant's Liberty, Whether he is free on bail or not. (moreso if not on bail)

And it may disrupt his employment, Drain Finacial resources, Curtail his associations, subject to Public Obloquy, And Create Anxiety in him, his family, and his friends.

Doggett Vs. United States

U.S. Supreme Court noted, That a Delay "approching one year" is generally sufficient to trigger a review of the Barker Factor.
A Length of delay more than fourteen months, Alaska Courts have treated this delay as "presumptively prejudicial" For purpose of the Alaska Constitution's speedy trial right.

In order to Hew to our adoption of Barker, we will not rely on this alternitive method of accounting, in this case or future cases.

Ortberg, 751, P.2d at 1375

Both Federal and State have held that the Constitutional right to a speedy trial can be invoked "Pro Se" by a represented defendant, regardless of wether the trial court actually rules on the Pro Se Motion.

United States Vs. Tigano, 880 F.3d 602 (2nd Cir. 2018)

Riley, 240, S.W.3d at 729

State Vs. Serros, 366, P.3d 1121 (NM. 2015)

A represented defendant may assert his Constitutional right

to a speedy trial "through a Pro Se Motion/Request"

Watson Vs. State, 155 N.E.3d 608,619(IND. 2020)
Although defendant was represented by counsel when he personally asserted his right to a speedy trial, These assertions put the Goverment on Notice that the defendant want to be tried.

Vermont Vs. Brillion, 556 U.S. 81. 173 L.Ed.2d 231 (2009)
Holding that a defense counsel's actions can generally be attributed to the defendant, But reconizes that delay resulting from a systemic "Breakdown in the public defenders system" could be attributed to the State.

A State's Goverment's allocation of resources play a major role in creating congested dockets, and it is unfair to require defendant's to bear the entire burden that results from the Goverments Fiscal Decisions.

There must be a point at which delay due to congested docket becomes so unacceptable that by itself violates the right to a speedy trial.
(That point comes sooner when a defentant is incarcerated)
Tucker Vs. Wolff 551,F.2d 235 (9th Cir. 1978)

Camacho Vs. Superior Court, 15 CAl.5th 354
CAl.RPTr.3d 490,534 P3d 484,502(2023)

Indeed, Alaska Criminal Rule 45 indicates, That the Court should consider wether the defendant has agreed to a continuance requested by their Attorney, when evaluating speedy trial claim, Alaska R.Crim.P 45(d)(2)

5 Wayne R. LAFave et al. Criminal Procedures
18.1(d) at 125 (4th ed. 2015)

Failure of defense counsel to raise speedy trial objectio could in some circumstances constitute Ineffective Assistance of Counsel.

Cf. Riley, 240 S.W.3d at 732-33 (Price, J.)
Trial Court should affirmatively rule on Pro Se speedy trial motions/requests by represented defendant's, agreeing that such motion/request should not be ignored when they "indicate the Attorney-Client relationship has failed" and that in such situations "the trial court is obligated to immediatley investigate and, is necessary, remedy the situation.

Under Federal Sixth Amendment
Period of delay mesures from the date the defendant is arrested,
or charged untill start of trial.

Doggett Vs. United States
Extreme delay turns into presumed prejudice which would count
for the "forth" Barker Factor.

Over Crowed Courts
Ultimate Responsibility for circumstances rest with the State/
Goverment rather that with the defendant.