"State of Alaska"
Attorney General Trey Taylor et al.
#200
1031 west 4TH
Anchorage, Alaska [99501]

URGENT

Legal Mail

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT PALMER

State of Alaska                    )
                                   )
                    Plaintiff,     )
                                   )
vs.                                )
                                   )
Robert Dennis Hawes, pro se        )        Case # 3PA-21-01098CR
                                   )
                    Defendant.     )
                                   )
_____    )

## MOTION TO DISMISS INDICTMENT

Defendent, Robert Dennis Hawes, apart from counsel, pursuant to 18 U.S.C.S.

§ 3162 (a)(2), moves this court to dismiss all felony charges in this case,

with prejudice, due to Mr. Hawes' right, pursuant to Article 1 § 11 of the

Alaska State Constitution and the 6th Amendment of the United States, as it

has been violated by blanket tolling of time in this case. As of this date

Mr. Hawes has not signed Form CR 325(cv). According to a decision by the

Alaska Court of Appeals in Alaska Public Defender Agency v Superior Court,

530 P.3d 604, #13508, #2746, "No lawyer can continue a client's case without

said waiver or other written consent", which Mr. Hawes has not given.

## PROCEDURAL HISTORY

On June 5th, 2021, Mr. Hawes was detained under warrant for suspicion of

(see case # 3PA-21-01098CR) with an "arraignment" held on June 6th, 2021

without ever having recieved the required preliminary examination, as per

Alaska Rules of Criminal Procedure, Rules 5(e)(2) and 5.1. Mr. Hawes'

grand jury indictment is dated June 29th, 2021, which exceeds the 10 day

limit of time specified in Alaska Rules of Criminal Procedure, Rule 5(e)(4),
for the preliminary examination.

Although a speedy trial is guaranteed to a criminal defendant by the United States and Alaska State Constitutions, which all attorneys are subjected to uphold as the first line in the oath taken in Alaska Bar Rule 5(3), Mr. Hawes has been awaiting trial since June 5th, 2021, and, as of his next scheduled hearing will have been unscheduled for 38 months. Rule 45, as upheld in State v Andreanoff, 370 P.3d 1112 requires the state to bring defendants to trial within 120 days, or the case is dismissed with prejudice upon motion of the defendant. This was also upheld by the Alaska Supreme Court in Peterkin v State, 543 P.2d 418, where, after a delay of only 141 days, the Apellet Court remanded with orders to dismiss with prejudice. Mr. Hawes has had two court appointed attorneys; neither of whom objected to any continuances, and, in fact, requested continuances without written, verbal, or implied consent from Mr. Hawes, in violation of Alaska Rules of Professional Conduct Rule 1.2. The right to a speedy trial is guaranteed by Article 1 § 11 of the Alaska Constitution and by the Sixth Amendment of the United States Constitution. The Alaska Supreme Court recently explained the reason for this constitutional protection in State v Wright, 404 P.3d 166, as quoted in United States v Marion, 404 U.S.307:

> The core evil that the right was originally designed to prevent was lengthy pretrial incarceration. But modern cases have recognized that the right has broader purposes. Inordinate delay, regardless of incarceration, may impair a defendant's ability to prepare an effective defense. And regardless of prejudice in attempting to defend on the merits, long delay may seriously interfere with a defendant's liberty, whether he is free on bail or not, and...may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family, and his friends.

The United States Supreme Court has similarily stated that the right to a speedy trial ensures that defendants are treated fairly. Furthermore, in Barker v Wingo, 407 U.S. 514; the courts seminal case on the subject, the

Court emphasized that society also has an interest in the swift resolution of criminal cases that "exists seperate from, and at times in opposition to, the interests of the accused". The Supreme Court further stated:

> The inability of courts to provide a prompt trial has contributed to a large backlog of cases in urban courts which...contributes to the overcrowding and generally deplocable conditions of those institutions. Lengthy exposure to these conditions has a destructive effect on human character and makes rehabilitation of the individual offender much more difficult. At times the result may even be violent rioting. Finally, lengthy pretrial detention is costly...amounting to millions across the Nation. I addition, society looses wages which might have been earned, and it must often support families of incarcerated breadwinners.

While delays are a common defense tactict, a fact recognized by the courts at every level, neither court appointed attorney attempted communication with the defendant in this regard. The current attorney, at this time, has also not even made an attempt at preparing a defense, despite having been made aware of the existence of exculpitory evidence. The current attorney has had this case since December 2023 yet has made no apparent effort to prepare for this case; In fact, at the last court appearance on June 20, 2021, she admitted her ineffectivness on record.


The United States Supreme Court in Barker has decided that the guarantee of the right to a speedy trial means that any inquiry into a speedy trial claim "necessitates a functional analysis of the right in the particular context of the case". Under this case, The Supreme Court has adopted a balancing test, which has since been adopted by the State in State v Mouser, 806 P.2d 330 and applied these tests to multiple cases since then. These factors are: the length of delay, the reason for delay, the defendant's assertion of the right, and the prejudice to the defendant. These four factors, taken together, determine whether or not a speedy trial violation has occured.

(3)

## Length of the delay

While the United States Supreme Court has declined to set a firm approach in determining whether a defendant's right to a speedy trial has been violated, it has held that the length of delay must be used as a starting point, without exceptions, in determinung whether or not an assessment is needed. Under Doggett v United States, 505 U.S. 647, The United States Supreme Court noted that "delays approaching one year" are sufficent to trigger review of the Barker factors. As this case has been continued well over three years, that required showing has been met. Even under pre-Barker case law, the Alaska Supreme Court has held that delays over 14 months were presumptively prejudicial under Alaska Constitution's speedy trial right, and as such, demand review under Barker.

## Reason for the delay

As recently as February 6, 2024, this Court has stated that dockets would not allow for new trials to be scheduled until January or February of 2025, which adds yet another presumptive delay of three to four months after the next scheduled hearing to what the Court has already allowedto transpire. Under the Ninth Circuit Court, in Tucker v Wolff, 581 F.2d 235, this places the onus mostly on the State on the reason for delay:

> A state government's allocation of resources plays a major role in creating congested dockets, and it is unfair to require defendants to bear the entire burden that results from the government's fiscal decisions. There must be a point at which delay due to a congested docket becomes so unacceptable that by itself, it violates the right to a speedy trial. That point comes sooner when a defendant is incarcerated awaiting trial.

In addition, Mr. Hawes has filed four requests for representation hearings, whereas it is Mr. Hawes' right to discharge his court appointed attorney

(4)

for reasons of ineffective assistance of counsel, lack of representation and irreconcilable conflicts; those have been denied by the court clerk, starting on April 1st, 2024, leaving Mr. Hawes without legal representation, in essence, since that date, necessating the need to file a grievance with the Alaska Bar Association to have Ms. Myer discharged from his case and new legal representation assigned as of June 21st, 2024. In addition, Mr. Hawes has been forced to suffer additional delays stemming from an Administrative Judicial Reassignment after Judge Kari C. Kristiansen's retirement on April 30th, 2024 which indicates to the defendant that the State has been unable to hew to the Constitutions in regards to Mr. Hawes' speedy trial rights.

## Defendant's assertion of his right

In violation of Alaska Rules of Professional Conduct 1.2(a) defense counsel has, in fact, continued asking for, and recieving, continuances in opposition to Mr. Hawes' wishes. Counsel has stated to Mr. Hawes that, because of her overwhelming case load, Mr. Hawes "should expect a wait of at least six months before he should expect counsel to even start on his case". Seven months have transpired since that unacceptable conversation as of this date. Ms. Meyer has conveyed to Mr. Hawes that "two and a half to three years is typical for this type of case" without any attempt to actually assuage Mr. Hawes' concerns. The delays of two and a half to three years for "this type of case" show the State is constantly in violation of the right to a speedy trial, whether due to congested dockets or other reasons, for decades, with continuances well beyond the 120 days as set forth in Article 1 § 11 of the Constitution.

Under <u>Rutherford v State</u>, 486 P.2d 946, a lack of waiver may not count against a speedy trial claim, as quoted from <u>Glasgow v State,</u> 469 P.2d 682:

> The requirement of a demand, the showing of prejudicial harm to the defendant's case, and the implications of a waiver from the defendant's failure to make a demand arguably are no longer determinative of the claim to a speedy trial. While the presence of a demand or showing of prejudice to one's case can only help the claim, their absence alone wil not necessarily frustrate the right to a speedy trial, including the right to a dismissal of the charges with prejudice when there has been a clear denial of this constitutional right.

Case 3:24-cv-00124-SLG-KFR   Document 13-13   Filed 01/27/25   Page 6 of 14
Exhibit 13 - Page 6 of 14

Also under <u>Rutherford,</u> quoting <u>Johnson v Zerbst,</u> 304 U.S. 458:

> The United States Supreme Court in <u>Johnson</u> defined "waiver" as an "intentional relenquishment or abandonment of a known right or privelage".

Also, quoting <u>Aetna Ins. Co. v Kennedy,</u> 301 U.S. 389:

> "...every presumption should be indulged against this waiver".

Quoting from <u>Rutherford:</u>

> "...the cases of <u>Escobedo v State,</u> 378 U.S. 478; <u>Miranda v Arizona,</u> 384 U.S. 436; and <u>Stovall v Denno,</u> 388 U.S. 293, the prosecution is required to inform the accused of particular rights, among them the right to a speedy trial, and that there can be no waiver in the absense of an explination of those rights".

Mr. Hawes was never addressed by the court or his court appointed attorneys in regards to his rights except his right to representation, ergo, he cannot have waived his right to a speedy trial.

It wasn't until Mr. Hawes was transferred from Mat-su Pretrial complex to Goose Creek Correctional Complex that he even became aware of his speedy trial right. This is because , while at Mat-su Pretrial complex, his access to legal materials was insufficient to be aware of this right, which this court has indicated as an issue as recently as 2022 in <u>Smith v Smith (In re OFF. of Pub. Advoc.),</u> 514 P.3d 1281:

> "By contrast...the superior court observed that...faced a disadvantage by being incarcerated with limited access to legal materials".

This was also addressed in <u>Mathis v Sauser,</u> 942 P.2d 1117, quoting <u>Adams v Carlson,</u> 488 F.2d 619:

> "an inmate's right of unfettered access to the courts is as fundamental a right as any other he may hold. All other rights...are illusory without it".

Access to the law library was very limited within Mat-su Pretrial Complex, nor did the facility have a law librarian on staff to assist in any legal work. Access was limited to certain MODS, at certain times, dependant on DOC staff availability. What materials were provided was ineffective, espscially

(6)

with the limited time (one hour or less per day) to persue the materials.

Mr. Hawes is asserting his right to the court and demanding dismissal of all charges with prejudice due to the State's violation of his due process right to a speedy trial under both Article 1 § 11 of the Alaska State Constitution and the 6th Amendement of the United States Constitution. As quoted in the Appelate Court's recent decision in Hernandez v State, 544 P.3d 40:

> "...defense attorneys, particularily publically appointed attorneys, are often burdened with other cases and other obligations unrelated to the defense of the defendant. The differing burdens and loyalties can create tensions between the interests of the defendant and the interests of their attorney, which can result in appointed defense counsel declining to raise speedy trial issues, despite repeated requests by the defendant. For this reason, a number of courts, both federal and state, have held that the constitutional right to a speedy trial can be invoked pro se by a represented defendant, regardless of whether the trial court actually rules on the pro se motion".

## Prejudice to the defendant

Mr. Hawes has already been incarcerated since his arrest on June 5th, 2021. Under Doggett v State, 505 U.S. 647:

> "...the lower courts have generally found prosecutorial delay presumptively prejudicial at least as it approaches one year".

This case has been cited in both State v Wright, and Hernandez v State, 544 P.3d 40, at both the State Court of Appeals and the State Supreme Court. As such, according to the precedent set in Wright, Mr. Hawes' three plus year detainment is presumtively prejudicial on that basis alone. Other oppression faced by Mr. Hawes comes in the form of harrassment from other inmates due to the publication of Mr. Hawes' arrest and charges after his arraignment. Shortly after his arraignment, Mr. Hawes was forced to request protective custody due to threats of assault from other inmates and by threats to his

(7)

life from sources outside of the prison system based solely on his charges. He also faces mistreatment by DOC staff based solely on his charges. This prejudice has already presented itself in being forced to transfer to a facility that is not intended, or authorized by law, to house pretrial detainees. Goose Creek Correctional Complex is a facility that was designed and built as a Maximum Security, sentenced facility, and it shows in the fact that inmates are only given an hour and a half of recreation six days a week. It shows in the fact that there are no windoes in the cells.

Due to the threats of assault from other inmates, Mr. Hawes is under severe stress and anxiety. The lengthy incarceration has also effected his family, who are only partialy in contact with Mr. Hawes. The lack of comunication with Mr. Hawes' family has caused unnecessary rifts in the family ties. Barker sums up lengthy pretrial incarceration in this:

> The time spent in jail awaiting trial has a detrimental effect on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not been convicted is serious".

Under Rutherford, the Appellate Court stated:

> "We therefore hold that in a case where the time between the charge and the trial is as long as in this case, we shall presume prejudice to the accused".

This, in a case that went to trial after a delay of "only" 14 months, 13 days, where the charge was second degree murder.

This also ties in with the third primary interest: limiting defensive impairment. Mr. Hawes claims innocence to all charges in this matter. As such, Mr. Hawes is entitled, by law, to present the most effective defense that he is able. His attorney, however, has neglected to collect exculpatory

(8)

evidence that she has been aware of since her assignment to the case over
eight months ago, has neglected to work with Mr. Hawes on a defense strategy,
and has neglected to request a bail review hearing to at least try to set bail
conditions that are more appropriate under Alaska Statute 12.30. Mr. Hawes
cannot contact any witnesses to his defense, or otherwise assist in the
preperation of his defense. Being detained places a severe restriction on
access to legal materials, especially as DOC is so understaffed that all
DOC employees are forced to work "mandatory overtime", that DOC has considered
lowering its hiring age to 18, and that, even when they are technically "off",
they usually work at another institution to help out. Alaska DOC also bans
all internet access of any kind, bans most computers, the only exception
being computers with LEXIS software installed that are outdated, slow, prone
to freezing, and are limited to, at most, two computers for every 128 inmates.
As such, Mr. Hawes' defensive impairment is very apparent.


Other factors for the Court to take into consideration; under State ex rel
McKee v Riley, 240 S.W.3d 720:

> "A defendant, thus, has a reason, not necessarily shared by counsel, to want trial
> to proceed as expeditiously as possible".

Also, as postulated by Vermont v Brillon, 556 U.S. 81, through Hernandez:

> "delay resulting from a 'systemic breakdown' in public defender system" could be
> attributed to the state.

With the constantly overworked dockets; public defenders, Office of Public
Advocacy lawyers, and private attorneys all taking on too many cases; and,
as of this year, felony cases taking, on average, 600 days to resolve, rather
than 120 days as set forth under Rule 45, which, under State v Andreanoff,
is state law, what else can this be but a 'systemic breakdown', not only in
the public defender system, but in the Department of Justice as a whole?
According to Barker, which the state adopted in 1991:

Case 3:24-cv-00124-SLG-KFR    Document 13-13    Filed 01/27/25    Page 10 of 14
Exhibit 13 - Page 10 of 14

> "The United States Court of Appeals for the Second Circuit has
> promulgated rules for the district courts in that Circuit
> establishing that the government must be ready for trial within
> six months of the date of arrest, except in unusual circumstances,
> or the charge(s) will be dismissed. This type of rule is also
> recommended by the American Bar Association". (emphasis added)

And:

> "A more neutral reason such as negligence or overcrowded courts
> should be weighted less heavily, but nevertheless should be
> considered since the ultimate responsibility for such circumstances
> must rest with the government rather than with the defendant".

As Mr. Hawes' defense counsel refuses to raise the issue of his speedy trial
right on his behalf, and in violation of Alaska Rules of Professional Conduct
1.2(a), Mr. Hawes, under case law established by Rutherford, demands that,
since the State refuses to observe it's obligation to the constitution of
both the State of Alaska, and the United States, this Court is under
constitutional obligation to asses this case under the Barker factors, and
proceed to a dismissal with prejudice of all charges, as the State has clearly
violated due process in this matter. Again, as the State has adopted Barker
with regards to the factors involved in a speedy trial claim, so this court
must also adopt Barker's decisions with regard for the outcome that must
result from violation of the speedy trial right:

> The amorphous quality of the right also leads to the unsatisfactorily severe
> remedy of dismissal of the incitment when the right has been deprived. This
> is indeed a serious consequence because it means that a defendant who may
> be guilty of a serious crime will go free, without having been tried. Such
> a remedy is more serious than an exclusionary rule or a reversal for a new
> trial, but it is the only possible remedy.

This was reinforced by the 10th Circuit Court of Appeals in United States v
Toombs, 574 F.3d 1262:

> Because a sistrict court has discretion to dismiss the case with or without
> prejudice upon a Speedy Trial Act (18 U.S.C.S. §§ 3161 et seq.), we also
> consider Toombs Sixth Amendment speedy trial claim, which, if successful,
> would require the district court to dismiss the case with prejudice.

The Alaska Supreme Court, in Rutherford, reaffirmed Glasgow's position that

(10)

the burden to bring a case to trial, and to observe the constitution, lies

with the State:

> We feel it is too much to expect of human nature that a defendant
> must demand a speedy trial when he has no assurance as to the
> outcome of a trial. The uncertainty as to be the verdict can bring
> indecision to the innocent as well as the guilty. While trial
> should vindicate the innocent, such a defendant may nevertheless
> be apprehensive about the outcome, for even his innocence has not
> prevented him from reaching the trial stage of the criminal process.
> Thus, the innocent defendant is presented with two unhappy
> alternatives: either to demand a trial, hoping the state will not
> prosecute, or to demand trial, hoping to vindicate himself in
> spite of his fear of being found guilty.
>
> Furthermore, under our system of criminal justice, it is the
> prosecution which indicates a case, and which has the power of
> going forward with it. In the exercise of this power, it is the
> duty of the public prosecutor to observe the constitution. To
> condition that duty on a defendant's having demanded constitutional
> compliance is, in our view, an unacceptable misallocation of the
> burden of insuring a speedy trial. We, therefore, reaffirm the
> position announced in Glasgow that the burden is upon the state to
> give a speedy trial or be denied the power to prosecute.

Then, in State v Mardock, 490 P.2d 1223, which was dismissed after a delay

of only 15 months, the Supreme Court reaffirmed the right to a speedy trial:

> ...this court held that a delay of 14 months in bringing a
> defendant to trial, even though the prosecution was not responsible
> for the delay, nevertheless violated the right to speedy trial, as
> guaranteed by the Alaska Constitution. Furthermore, the great bulk
> of the delay in Rutherford occured before our decision in Glasgow
> v State, supra, which declared a delay of 14 months, attributable
> to the state, to be excessive and, therefore, a deprivation of the
> right to a speedy trial.

The State, at least at the Appellate and Supreme Court levels, has held

repeatedly that crowded dockets are not an acceptable excuse to delay trials,

nor are heavy caseloads of the defense counsel an acceptable excuse:

> "The purpose of a criminal court is not to provide a forum for
> the ascertainment of private rights. Rather it is to vindicate the
> public interest in the enforcement of criminal law while at the
> same time safeguarding the rights of the individual defendant. The
> public interest is in the accuracy and justice of criminal results is
> greater than the concern for judicial economy professed in civil
> cases and we are thus inclined to object, at least as a general
> matter, a rule that would spread the effect of an erroneous
> acquital to all those who participated in a particular criminal
> transaction. To plead crowded dockets as an excuse for not trying

criminal defendants is in our view neither in the best interest of the courts or the public". (Kott v State, 678 P.2d 386 quoting Standefer v United States, 447 U.S. @ 25).

"The state, while admitting that a 'congested court calender is not the fault of this appellant,'...Why there should be a different rule for harm impersonally inflicted as opposed to harm directly attributable to the prosecution is unexplainable in logic. The result is the same in both cases. It makes no difference what causes the loss of constitutional rights to a defendant so long as they are gone without his assent". (Rutherford).

"But unreasonable delay...cannot be justified by simply asserting that the public resources provided by the State's criminal justice system are limited and that each case must wait its turn. As the court points out, this approach also subverts the State's own goals in seeking to enforce its criminal laws". (Honorable Justice White, Barker, as quoted in Hernandez).

## Conclusion

The existing case law is clear. Any potential excuse the State has, according to established case law, is inexcusable, illogical, and in clear error. Any reason Mr. Hawes' court appointed lawyer has, as to need to prepare more, her own case load, etc. are, while worthwile, ultimately irrelevant to the current matter. State law, while still ambiguous as to time restraints, is bound by Federal law, which is very clear. Under 18 U.S.C.S. § 3162(a)(2), Mr. Hawes has the right to file this motion. In regards to state law, the Appellate Court states:

> "The plain language of Rule 45 (d)(2) is clear: the rule explicitly requires the consent of both a defendant and their counsel". (Alaska Pub. Defender Agency).

Also:

> Alaska Criminal Rule 45 governs a criminal defendant's statutory speedy trial rights under Alaska law. Under Rule 45, a defendant "shall be tried within 120 days...from the date the charging document is served upon the defendant". (Andreanoff).

The Appeals Court and Supreme Court are in agreement in that Rule 45, rather than being just a guideline, is state law. As such, under Rule 45(g), the court has no choice but to dismiss this case with prejudice and release Mr. Hawes from custody immediately. As quoted from Rule 45(g):

(g) Absolute Discharge – If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the court upon motion of the defendant shall dismiss the charge with prejudice. Such discharge bars prosecution for the offense charged and for any other lesser included offense within the offense charged.

This means that all 4 remaining charges must be dismissed immediately upon the courts reciept of this motion, and that the dismissal must be with prejudice. Mr. Hawes has been awaiting trial well beyond any reasonable delay in violation of due process, and in violation of Article 1 § 11 of the ALASKA State Constitution and the 6th Amendment of the United States Constitution. As Mr. Hawes' defense counsel refuses to invoke his speedy trial right, Mr. Hawes is invoking his right pro se, as allowed by United States v Tigano, 880 F.3d 602, 618 (2d Cir. 2018), United States v Oriedo, 498 F.3d 593, 596 (7th Cir. 2007), Riley, 240 S.W. 3d at 727-28, and State v Serros, 2016-NMSC 008, 336 P.3d 1121, 1143 (N.M. 2015), to a speedy trial under the provisions set forth in Alaska Pub. Defender Agency. The breakdown within the Department of Justice that has caused congested dockets is, by itself, presumptively prejudical to defendants and in direct violation of the defendant's rights to a speedy trial, as well as being well documented. As a  defendant cannot be forced to choose between his right to a speedy trial and his right to effective counsel, three plus years waiting for trial and for defense counsel to prepare a defense are both well in violation of established law.

Taken as a whole, this court is now under a constitutional obligation to dismiss all charges with predjudice and to immediately release Mr. Hawes from DOC custody. Mr. Hawes also voices his objection to any motion to extend the State's time reply; 10 days is all that is allowed under Alaska Rules of Criminal Procedure 42(c)(2), and the State has already delayed trial to extremely prejudice levels.

8/21/2024
Date

Robert Hawes, pro se