# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT HAWES,<br><br>    Petitioner,<br><br>v.<br><br>SUPERINTENDENT ANGOL,<br><br>    Respondent. | Case No. 3:24-cv-00124-SLG-KFR |

## REPORT AND RECOMMENDATION RE § 2241 PETITION

Before the Court are a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and a counseled Amended § 2241 Petition (collectively, "Petition") filed by Petitioner Robert Hawes.[1] Respondent Superintendent Angol answered the Petition,[2] and Petitioner replied.[3] The Court finds that Petitioner's claims must be dismissed because they are not cognizable in a federal habeas proceeding, they are subject to *Younger* abstention, or they are unexhausted. Petitioner has not articulated any circumstances that could justify this Court's consideration of his federal claims at this time. Therefore, the Court recommends that Petitioner's claims be **DISMISSED** without prejudice.

### I.    BACKGROUND

Petitioner is a pretrial detainee at Goose Creek Correctional Center in the custody of the State of Alaska Department of Corrections.[4] The Court takes judicial notice of the docket records in Petitioner's ongoing state criminal case, *State of Alaska v. Hawes*, Case No. 3PA-21-01098CR.[5] The following facts are gleaned from those records and from the additional state

---

[1] Docket 1; Docket 10. In the Amended Petition, counsel notes that Petitioner declined to waive the grounds for relief raised in the *pro se* Petition that are not discussed in the Amended Petition. *See* Docket 10 at 5.
[2] Docket 13.
[3] Docket 15.
[4] Docket 1 at 1.
[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's

court records provided by Respondent.[6]

On June 6, 2021, the State of Alaska ("State") filed a criminal complaint in the Third Judicial District of Alaska, in Palmer, charging Petitioner with three counts of first-degree sexual abuse of a minor.[7] Petitioner was arraigned that same day before the Palmer District Court.[8] At Petitioner's arraignment, the Court appointed counsel from the Alaska Public Defender Agency to represent Petitioner, set bail at a $75,000 cash appearance bond and a $100,000 cash performance bond, and scheduled a preliminary hearing for ten days later.[9]

On June 11, 2021, a grand jury returned an indictment charging Petitioner with two counts of first-degree sexual abuse of a minor, one count of attempted first-degree sexual abuse of a minor, and one count of second-degree sexual abuse of a minor.[10] On June 14, 2021, the State filed the indictment in Petitioner's case, and the case was transferred to the Palmer Superior Court.[11] In addition, the previously scheduled preliminary hearing was vacated.[12] On June 16, 2021, Petitioner was arraigned on the indictment before the Superior Court.[13] At the arraignment, the Superior Court ordered that Petitioner's bail conditions remain as previously set.[14] The Superior Court also scheduled trial to begin the week of September 27, 2021.[15]

Since then, Petitioner's trial has repeatedly been continued. Some of the delay has been due to circumstances entirely outside Petitioner's control. In August 2021, the Third Judicial District's presiding judge ordered that all jury trials in the district be suspended due to the public health risk posed by elevated rates of COVID-19.[16] That suspension ultimately lasted

---

proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (internal quotation marks and citation omitted)).
[6] *See* Docket 13-1–16.
[7] Docket 13-1; Docket 13-2 at 4.
[8] Docket 13-2 at 2.
[9] *Id.* at 4–5; Docket 13-3 at 42.
[10] Docket 13-4.
[11] Docket 13-2 at 5.
[12] *Id.* at 2.
[13] *Id.*
[14] *Id.* at 5; Docket 13-3 at 30.
[15] Docket 13-5.
[16] Third Judicial District Presiding Judge Order # 894 (Aug. 4, 2021); *see also* Special Order of the

until mid-January 2022.[17] But just before jury trials were set to recommence, the Palmer courthouse experienced "extensive flooding . . . as a result of [a] recent extraordinary weather event in the Matanuska-Susitna Borough."[18] Because of this flooding and the resulting incapacity of the courthouse, the presiding judge suspended jury trials in Palmer pending further notice.[19] In March 2022, the presiding judge issued an order allowing some criminal jury trials to be moved from Palmer to Anchorage based on limited available space in the Anchorage courthouse.[20]

The rest of the delay has been due to continuances requested by the parties. Neither the publicly available records nor the records provided by Respondent consistently indicate which party requested a continuance in each instance; however, they do show that Petitioner's defense counsel has requested at least eleven.[21] Following the most recent continuance granted in April 2025, Petitioner's trial is now scheduled to begin the week of January 12, 2026.

During the pendency of Petitioner's state case, Petitioner has had three bail review hearings.[22] In October 2021, Petitioner requested that his bail be reduced to $3,000 with supervision by the Department of Corrections Pretrial Enforcement Division.[23] The Superior Court held a bail review hearing on October 27, 2021, at which the court found that Petitioner was a flight risk and had failed to present adequate financial information or propose a third-party custodian.[24] The Superior Court thus declined to alter Petitioner's bail.[25] In December

---

Chief Justice No. 8259 (Apr. 6, 2021) (authorizing presiding judges to "limit or suspend misdemeanor or felony jury trials for any district or location when required for public health or to comply with local health mandates"); Docket 13-6.
[17] Third Judicial District Presiding Judge Order # 899 (Aug. 23, 2021); Third Judicial District Presiding Judge Order # 901 (Sept. 16, 2021); Third Judicial District Presiding Judge Order # 901 First Update (Oct. 12, 2021); Third Judicial District Presiding Judge Order # 901 Second Update (Nov. 23, 2021).
[18] Third Judicial District Presiding Judge Order # 918 (Jan. 4, 2022).
[19] *Id.*; Third Judicial District Presiding Judge Order # 918 Updated (Feb. 14, 2022).
[20] Third Judicial District Presiding Judge Order # 923 (Mar. 14, 2022). The presiding judge delegated authority to a Superior Court judge in Palmer to select cases to be tried in Anchorage. *Id.*
[21] Docket 13-7 (defense counsel requesting continuances on April 15, 2022; June 10, 2022; July 15, 2022; August 11, 2022; September 23, 2022; October 21, 2022; December 2, 2022; January 4, 2023; February 8, 2023; and April 19, 2023); Docket 13-3 at 4–5 (defense counsel requesting continuance on December 4, 2022).
[22] Docket 13-8; Docket 13-9.
[23] Docket 13-8.
[24] Docket 13-3 at 37–38. The minutes of this proceeding indicate that Petitioner was present.
[25] *Id.* at 37–38.

R&R re § 2241 Petition     3
*Hawes v. Angol*

2021, Petitioner submitted the same bail proposal again, but with additional information regarding his finances.[26] The Superior Court held a bail review hearing on January 4, 2022, at which the court again declined to reduce Petitioner's bail, noting that the information provided by Petitioner was incomplete.[27] And in March 2022, Petitioner proposed reducing his bail to $6,000 with a third-party custodian.[28] The Superior Court held a bail review hearing on March 30, 2022, at which the court allowed the parties to examine the proposed third-party custodian and give argument.[29] Reasoning that the proposed third-party custodian was not strong enough to warrant a reduction in bail, the Superior court denied Petitioner's bail proposal.[30] Petitioner did not appeal any of the Superior Court's bail rulings.[31]

Petitioner has also attempted to file several *pro se* motions in his state case, including a motion to dismiss the indictment on speedy trial grounds filed in August 2024 and a motion for a representation hearing filed in September 2024.[32] The Superior Court rejected Petitioner's motions as improperly filed under state procedural rules prohibiting parties who are represented by an attorney from acting on their own behalf.[33] In December 2024, Petitioner's defense attorney requested a representation hearing; the Superior Court granted that request and held a representation hearing on December 16, 2024.[34] Neither that hearing nor the two other representation hearings Petitioner has had in his state case resulted in a change in representation.[35]

On June 7, 2024, Petitioner commenced this action by filing a *pro se* Petition for a Writ

---

[26] Docket 13-9.
[27] Docket 13-3 at 35. The minutes of this proceeding indicate that Petitioner was present.
[28] Docket 13-10.
[29] Docket 13-3 at 30–33.
[30] *Id.*
[31] On June 5, 2023, Petitioner requested another bail review hearing, which the Superior Court denied on the ground that Petitioner's bail proposal—to reduce his bail to $10,000 based on his ability to pay—did not include a potential third-party custodian or ask to remove "th[at] aspect of Defendant's bail." Docket 13-11.
[32] Docket 13-12; Docket 13-13; Docket 13-14.
[33] Docket 13-2 at 7–9 (citing Alaska R. Crim. P. 50; Alaska R. Civ. P. 81(c)).
[34] *Id.* at 9.
[35] Petitioner's other representation hearings took place on June 20, 2024, and April 28, 2025. CourtView, *State v. Hawes*, Case No. 3PA-21-01098CR, Events https://records.courts.alaska.gov/eaccess/searchresults.page?x=VY2vNgrY3NdjLxeHyPalSxogmJ5sLPDfqKsgGWlAOLjEg344xuvmmTUGuK4HlqYdIOKIyW7sxkwcV2ncGTx-Kg (last visited June 12, 2025). The record contains no other information regarding what transpired at those hearings.

of Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging his pretrial detention on four grounds.[36] The Court subsequently issued an order directing service on Respondent.[37] Petitioner then requested the appointment of counsel to represent him in this proceeding;[38] the Court granted this request.[39] Appointed counsel filed an Amended § 2241 Petition that supplements two of the grounds for relief raised in Petitioner's *pro se* Petition, and that does not waive the two other grounds raised in the *pro se* Petition.[40] (For ease of reference, the Court will refer to the *pro se* Petition and the counseled Amended Petition, collectively, as the "Petition.") Respondent answered,[41] and Petitioner replied.[42]

## II. LEGAL STANDARD

28 U.S.C. § 2241 authorizes a federal court to entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States."[43] Habeas corpus is "a vital 'instrument for the protection of individual liberty' against government power."[44] A pretrial detainee may challenge their state custody in a habeas petition brought under § 2241.[45]

## III. DISCUSSION

In the instant Petition, Petitioner asserts four claims: (1) the Superior Court has imposed excessive bail that Petitioner cannot afford; (2) Petitioner has been denied a preliminary examination; (3) Petitioner's indictment is procedurally and substantively "flawed"; and (4) Petitioner's right to a speedy trial has been violated.[46] For relief, Petitioner asks this Court to order that his pending state criminal charges be dismissed with prejudice, and that those charges

---

[36] Docket 1.
[37] Docket 4.
[38] Docket 5.
[39] Docket 8.
[40] Docket 10 at 5.
[41] Docket 13.
[42] Docket 15.
[43] 28 U.S.C. § 2241(a), (c)(3).
[44] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).
[45] *Stow v. Murashige*, 389 F.3d 880, 885–88 (9th Cir. 2004).
[46] Docket 1 at 6–8; Docket 10. Petitioner also asserts that he has been denied "access to the courts." Docket 10 at 7, 13. The Court construes this contention not as a separate claim for relief, but rather as an argument for why the Court should not abstain from considering Petitioner's claims and should waive the exhaustion requirement. *See* Docket 10 at 13.

be "removed from the record."⁴⁷ Petitioner alternatively requests the more limited relief of "remedy[ing] the state court's excessive bail" through an order directing his immediate release from pretrial detention.⁴⁸ Respondent asks this Court to dismiss Petitioner's claims based on the doctrines of *Younger* abstention and exhaustion, or, in the alternative, to deny Petitioner's claims on the merits.⁴⁹

As explained below, the Court recommends that Petitioner's claims be dismissed because (1) any denial of a preliminary examination cannot be remedied in a federal habeas proceeding; (2) it is appropriate to abstain from considering Petitioner's remaining claims to the extent that Petitioner seeks to end his state prosecution; and (3) Petitioner has failed to exhaust his state court remedies.

### A. The Court Lacks Jurisdiction Over Petitioner's Claim that He Has Been Denied a Preliminary Examination.

The Court first addresses Petitioner's claim that he has been denied a preliminary examination despite being "charged with felonies without an [indictment]."⁵⁰ Petitioner states that the judge presiding over his initial appearance failed to inform him of his right to a preliminary examination.⁵¹ Although Petitioner does not identify the legal basis for this claim, it is clear that any lack of a preliminary examination does not entitle him to federal habeas relief.

Under Alaska Rule of Criminal Procedure 5(e)(2), "[a] defendant is entitled to a preliminary examination if the defendant is charged with a felony for which the defendant has not been indicted[.]" This rule also requires the judge to inform the defendant of this right at the defendant's first appearance.⁵² The Federal Rules of Criminal Procedure contain similar procedural protections for defendants who have been charged with a felony but who have not yet been indicted by a grand jury.⁵³ However, to the extent that Petitioner seeks relief based

---

⁴⁷ Docket 1 at 8; Docket 10 at 2.
⁴⁸ Docket 10 at 2, 16.
⁴⁹ Docket 13 at 1–2.
⁵⁰ Docket 1 at 7.
⁵¹ *Id.*
⁵² Alaska R. Crim. P. 5(e)(2).
⁵³ Fed. R. Crim. P. 5(d)(1)(D), 5.1(a).

R&R re § 2241 Petition 6
*Hawes v. Angol*

on a violation of the Alaska or Federal Rules of Criminal Procedure, any such error is not redressable here because "federal habeas corpus relief does not lie for errors of state law,"[54] and because the Federal Rules of Criminal Procedure have no application in Petitioner's underlying state proceedings.[55] Furthermore, the U.S. Constitution "does not secure to a state court defendant the right to a preliminary [examination],"[56] and therefore such a defendant "is not entitled to the issuance of a writ because [they] had no preliminary examination."[57] Accordingly, this Court cannot grant habeas relief to Petitioner based on any failure to hold a preliminary examination.[58]

The Court therefore recommends that Petitioner's denial of a preliminary examination claim be dismissed for lack of jurisdiction.

### B. *Younger* Abstention Applies to Petitioner's Claims to the Extent that Petitioner Seeks Dismissal of His State Case.

In *Younger v. Harris*, the U.S. Supreme Court held that federal courts "should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances."[59] "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism."[60] The doctrine "is motivated by the need to

---

[54] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
[55] *U.S. ex rel. Gaugler v. Brierley*, 477 F.2d 516, 523 (3d Cir. 1973) (explaining that the Federal Rules of Criminal Procedure "do not extend to prosecutions in state courts for violations of state criminal laws" and "govern only prosecutions in federal courts for violation of criminal laws of the United States"); *accord Cameron v. Hauck*, 383 F.2d 966, 971 n. 7 (5th Cir. 1967) ("The Federal Rules [of Criminal Procedure] do not apply to state cases."); *see also* Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts . . . .").
[56] *Ramirez v. Arizona*, 437 F.2d 119, 119–20 (9th Cir. 1971).
[57] *Burall v. Johnston*, 146 F.2d 230, 230 (9th Cir. 1944) (citing *Garrison v. Johnston*, 104 F.2d 128, 130 (9th Cir. 1939)).
[58] Because a grand jury has returned an indictment in Petitioner's state case, "no reason exists for conducting a hearing to determine whether probable cause exists for detaining [him]." *Maze v. State*, 425 P.2d 235, 236 (Alaska 1967) (internal quotation marks and citation omitted); *see also id.* ("The main purpose of a preliminary [examination] is to protect the accused from unwarranted incarceration while awaiting action by the grand jury, by determining whether there is a basis for holding him until the grand jury has reviewed the facts." (internal quotation marks and citation omitted)); *Austin v. United States*, 408 F.2d 808, 810 (9th Cir. 1969) ("The return of an indictment establishes probable cause, and eliminates the need for a preliminary examination.").
[59] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)).
[60] *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (internal quotation marks omitted) (quoting *San Jose Silicon Valley Chamber of Commerce Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091–92 (9th Cir. 2008), *abrogated on other grounds by Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013)).

refrain from granting injunctive relief where a litigant has adequate legal remedies and therefore does not face immediate irreparable injury, and by the 'even more vital consideration' of comity."[61] If the *Younger* doctrine applies, the court will dismiss claims for equitable relief.[62]

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."[63] If these four requirements are met, a federal court will abstain from exercising jurisdiction over the case unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[64]

The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[65] The Ninth Circuit has applied this limited exception to a pretrial detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[66] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause determination,"[67] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[68] and to a pretrial detainee's challenge to the "forcible administration of antipsychotic medications."[69] However, the Ninth Circuit has explained that the irreparable harm exception does not typically apply when a pretrial detainee seeks to vindicate an affirmative constitutional defense that can be completely vindicated through "reversal of the improperly-obtained conviction."[70]

Here, the first, second, and fourth elements of *Younger* are clearly satisfied with respect

---

[61] *Duke v. Gastelo*, 64 F.4th 1088, 1095 (9th Cir. 2023) (quoting *Younger*, 401 U.S. at 44).
[62] *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).
[63] *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019).
[64] *Bean*, 986 F.3d at 1133 (quoting *Arevalo*, 882 F.3d at 765).
[65] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).
[66] *Id.* at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).
[67] *Id.* at 1134 (citing *Page*, 932 F.3d at 904).
[68] *Id.* (citing *Arevalo*, 882 F.3d at 766–67).
[69] *Id.* at 1135.
[70] *Bean*, 986 F.3d at 1133 (internal quotation marks omitted) (quoting *Page*, 932 F.3d at 904).

to all federal claims for which Petitioner seeks dismissal of his state criminal charges.[71] Petitioner's criminal proceeding is still ongoing in state court. In addition, the State of Alaska has an important interest in enforcing its laws, including prosecuting the criminal offenses with which Petitioner has been charged.[72] And dismissing Petitioner's state case—the primary form of relief Petitioner requests—would "enjoin [the prosecution] altogether," the "most offensive and intrusive action that a federal court can take with respect to a state proceeding."[73]

The Court further finds that the third element of *Younger* is satisfied, despite Petitioner's argument to the contrary. Petitioner contends that he lacks an adequate opportunity to raise federal constitutional claims in his state criminal case because (1) he has not always been transported for court hearings, thus depriving him of an opportunity to bring issues to the Superior Court's attention; (2) defense counsel has requested or acquiesced to continuances without his consent; (3) defense counsel "has not kept [him] informed of the status of the case"; and (4) the Superior Court will not accept his *pro se* filings due to his representation by counsel, thereby preventing him from filing written objections or motions that he wishes to litigate.[74]

Any decision by Petitioner's defense counsel not to pursue certain federal constitutional affirmative defenses in his state proceeding does not render state procedures inadequate for purposes of *Younger*. The key question with respect to *Younger*'s third element is "whether there remains an opportunity to litigate the federal claim in a state-court proceeding at the time the federal court is considering whether to abstain."[75] An adequate opportunity exists so long as

---

[71] Petitioner suggests that all of his claims provide a basis to dismiss his state charges. *See* Docket 10 at 2.
[72] *See Younger*, 401 U.S. at 45; *see also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("The States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); *Gibson v. Schmidt*, 522 F. Supp. 3d 804, 815 (D. Or. 2021) (holding that state prosecutions at issue "clearly implicate[d] important state interests" because plaintiffs had been "charged in Oregon state courts with violating an Oregon criminal statute").
[73] *Gilbertson*, 381 F.3d at 977; *see also Arevalo*, 882 F.3d at 766 (holding that *Younger* abstention was not appropriate where requiring state court to hold a constitutionally compliant bail hearing "would not interfere with [the state prosecution]").
[74] Docket 10 at 14.
[75] *Duke*, 64 F.4th at 1096.

R&R re § 2241 Petition
*Hawes v. Angol*

9

there are no "'procedural bars' to raising a federal claim in the state proceedings."[76] "[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."[77] "A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."[78]

Here, Petitioner has failed to show that he is procedurally barred from raising federal constitutional claims in his state case by anything other than a difference of opinion with his defense counsel. That does not amount to Petitioner having "no prospect of presenting his constitutional challenges" in his state case.[79] In addition, Petitioner has no "absolute right to both self-representation *and* the assistance of counsel,"[80] and he cannot use his choice to be represented by counsel to bypass ordinary state court review and have his claims heard in federal court. The Court concurs with Respondent that any strategic disagreements that Petitioner may have with his defense counsel over motions to bring "can (and should) be raised in a state post-conviction relief action, and the failure to do so should not be used as an excuse to avoid *Younger* abstention."[81]

For similar reasons, the Court also disagrees with Petitioner's assertion that his purported inability to "access . . . the courts" and the resulting "extreme and unacceptable delay" in his state case are extraordinary circumstances that make abstention inappropriate.[82] Even when delays in bringing a case to trial could rise to a violation of Speedy Trial Clause, any such violation does not "suffice in and of itself as an independent 'extraordinary circumstance'

---

[76] *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (citing *Middlesex Cnty. Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Gilbertson*, 381 F.3d at 983 ("[F]ailure to avail himself of the opportunity [to present constitutional claims in the state proceeding] does not mean that the state procedures are inadequate." (citing *Juidice*, 430 U.S. at 337)).
[77] *Duke*, 64 F.4th at 1095 (internal quotation marks omitted) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).
[78] *Meredith v. Oregon*, 321 F.3d 807, 818 (9th Cir. 2003) (internal quotation marks omitted) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).
[79] *Duke*, 64 F.4th at 1098.
[80] *United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015) (quoting *United States v. Bergman*, 713 F.2d 1027, 1030 (9th Cir. 1987)).
[81] Docket 13 at 28.
[82] Docket 10 at 13, 15. Petitioner does not allege, and the record does not support, that his state prosecution is motivated by bad faith or a desire to harass. *See Bean*, 986 F.3d at 1133.

R&R re § 2241 Petition 10
*Hawes v. Angol*
3:24-cv-00124-SLG-KFR

necessitating pre-trial habeas consideration."[83] It is true that the Ninth Circuit has "in rare cases declined to abstain where the state court delay was extreme and there was 'no end in sight' to the state court proceedings."[84] However, even if the Court were to agree that the four-year delay in bringing Petitioner to trial is "extreme" within the meaning of *Younger*,[85] there is a definite end in sight, as Petitioner's trial is currently scheduled to begin the week of January 12, 2026. Although Petitioner's trial has been rescheduled numerous times before, it appears that the possibility of significant further delay is relatively small in light of recent measures the Alaska courts have taken to address the backlog of unresolved criminal cases in Palmer and throughout the state. Most notably, in May 2025, the Alaska Supreme Court issued an order requiring trial courts in criminal cases filed before 2023 to limit additional exclusions of a defendant's state statutory speedy trial time to a maximum of 90 days for defense-requested continuances, absent "a showing that extraordinary circumstances exist and that [a] delay [beyond those 90 days] is indispensable to the interest of justice[.]"[86]

Furthermore, the Ninth Circuit has held that "*Younger* abstention is appropriate even in cases of extreme delay where there is 'no indication that the state court has been ineffective,' and where the delay is instead 'attributable to the petitioner's quite legitimate efforts in state

---

[83] *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (citing *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980)).
[84] *Page*, 932 F.3d at 902–93 (quoting *Edelbacher v. Calderon*, 160 F.3d 582, 586 (9th Cir. 1998)).
[85] *See id.* at 903 (observing that "even if . . . [a] delay in bringing [the petitioner] to trial would support a speedy trial defense . . . , it does not follow that the delay is an extraordinary circumstance in the meaning of *Younger*"); *Phillips v. Vasquez*, 56 F.3d 1030, 1035 (9th Cir. 1995) (holding that a 15-year delay in which the petitioner was denied the opportunity to establish the unconstitutionality of his conviction on appeal was an extraordinary circumstance that warranted federal habeas review); *see also Phillips*, 56 F.3d at 1036 ("Comity concerns in this case are practically nonexistent since the state has had a full and fair opportunity to review the validity of Phillips' conviction and its decision regarding that conviction is final.").
[86] Alaska Supreme Court Order No. 2083 (May 12, 2025); *see also* Third Judicial District Presiding Judge Order # 1062 (Apr. 17, 2025) (limiting circumstances in which continuances may be granted, requiring that certain information be presented at every pretrial conference, and requiring defendant's appearance at all hearings in any case that has been pending for one year or more); Third Judicial District Presiding Judge Order # 1063 (May 21, 2025) (noting "substantial backlog of unresolved criminal cases" in Palmer and authorizing Palmer judges to vacate "certain previously scheduled civil matters to allow for the scheduling and resolution of older criminal cases"). The Alaska Supreme Court also limited further exclusions due to prosecution-requested continuances to 90 days, and further exclusions for "good cause" to 90 days. Alaska Supreme Court Order No. 2083 (May 12, 2025).

R&R re § 2241 Petition 11
*Hawes v. Angol*

court to escape guilt' through litigation."[87] As Respondent has demonstrated, there is no indication that the state court has been ineffective here: a significant proportion of the delay in Petitioner's case has been due to defense-requested continuances, with the remainder due to the COVID-19 pandemic and a courthouse flood.[88] Even if Petitioner's defense counsel initially requested continuances without Petitioner's knowledge, that would not be an extraordinary circumstance warranting this Court's intervention in Petitioner's ongoing state prosecution.[89] Petitioner has provided no evidence that his defense counsel has failed to render effective assistance or that the defense-requested continuances have been for any reason other than to prepare to defend Petitioner at trial. Even if Petitioner had made such a showing, the more appropriate avenue for relief at this stage would be with the Superior Court, which could remedy any issues by appointing new defense counsel.[90]

In sum, the Court concludes that the elements of *Younger* are met and that no exception to the doctrine applies. The Court therefore recommends dismissing Petitioner's claims to the extent that Petitioner seeks to end his state prosecution by "litigat[ing] constitutional defenses prematurely in federal court."[91]

//

//

//

---

[87] *Page*, 932 F.3d at 902–93 (quoting *Edelbacher*, 160 F.3d at 586).
[88] Docket 13 at 3–11.
[89] *Cf. United States v. Guerra de Aguilera*, 600 F.2d 752, 753 (9th Cir. 1979) ("Litigants are generally bound by the conduct of their attorneys, absent egregious circumstances."); *Taylor v. Illinois*, 484 U.S. 400, 417–18 (1988) ("The argument that the client should not be held responsible for his lawyer's misconduct strikes at the heart of the attorney-client relationship. Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has—and must have—full authority to manage the conduct of the trial. The adversary process could not function effectively if every tactical decision required client approval."); *United States v. Lam*, 251 F.3d 852, 858 (9th Cir.) ("[A]bsent a showing of deficient performance on counsel's part, we decline to permit a defendant's interest in a speedy trial to override his attorney's legitimate assessment of the complexity of a case and his corresponding need to prepare."), *as amended on denial of reh'g and reh'g en banc*, 262 F.3d 1033 (9th Cir. 2001).
[90] The Court observes that Petitioner has had three representation hearings in the past year, none of which resulted in a change in representation. The Court cannot second-guess the Superior Court's judgment in declining to order new representation on this record or at this time.
[91] *Brown*, 676 F.3d at 902 (internal quotation marks omitted) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)).

R&R re § 2241 Petition 12
*Hawes v. Angol*
3:24-cv-00124-SLG-KFR

## C. Petitioner Has Not Exhausted His Excessive Bail Claim in the Alaska State Courts and the Exhaustion Requirement Should Not Be Waived.

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain [their] petition for habeas corpus."[92] A petitioner's claims are considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[93] "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[94]

Although 28 U.S.C. § 2241(c)(3) does not explicitly require exhaustion, federal courts "require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241."[95] "Where a petitioner seeks pre-conviction habeas relief, [the] exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials."[96] Even though prudential exhaustion "is not a prerequisite to the exercise of jurisdiction,"[97] prudential limits "are ordinarily not optional."[98] Therefore, district courts are generally "not free to address the underlying merits [of a § 2241 petition] without first determining the exhaustion requirement has been satisfied or properly waived."[99] Courts may waive the exhaustion requirement in § 2241 cases where any attempt to exhaust remedies would be futile,[100] where such remedies would be "inadequate or not efficacious," or where

---

[92] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).
[93] *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).
[94] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
[95] *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citation omitted).
[96] *Carden*, 626 F.2d at 83–84.
[97] *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1037 (9th Cir. 2010) (internal quotation marks and citation omitted).
[98] *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).
[99] *Laing*, 370 F.3d at 998.
[100] *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).

R&R re § 2241 Petition 13
*Hawes v. Angol*
3:24-cv-00124-SLG-KFR

"irreparable injury" would result.[101] A petitioner bears the burden of demonstrating that at least one of these factors applies.[102]

It is undisputed that Petitioner has not exhausted his state court remedies with respect to any of the claims asserted in his Petition.[103] Petitioner nevertheless suggests that the exhaustion requirement should be excused for the same reasons he contended *Younger* abstention was not appropriate: the combination of the delays and his purported inability to litigate his claims in his state case.[104] Because the only claim the Court has not yet addressed is Petitioner's excessive bail claim insofar as Petitioner seeks a remedy of immediate release from pretrial detention,[105] the Court limits its analysis to that claim.

Petitioner claims that his pretrial detention violates the Eighth Amendment's prohibition against excessive bail.[106] Petitioner reasons that the bail amount set by the Superior Court—a $75,000 cash appearance bond and a $100,000 cash performance bond—is "essentially unattainable" due to his indigence and incarceration.[107] Petitioner further suggests that this amount is beyond what is needed to assure his appearance at trial because he has "deep ties to the community" and no convictions for failure to appear in court.[108]

Respondent maintains that Petitioner has offered no valid excuse for failing to exhaust his excessive bail claim by seeking appellate review of the Superior Court's bail decisions.[109] Respondent observes that although Alaska law allows criminal defendants to file an expedited bail appeal of a trial court's bail rulings in the Alaska Court of Appeals, Petitioner failed to appeal any of the Superior Court's bail rulings in his state case.[110] Respondent contends that

---

[101] *Laing*, 370 F.3d at 1000 (describing these exceptions in the context of administrative remedies and concluding that "[s]imilar concerns govern a court's determination of whether to excuse a failure to exhaust judicial remedies"); *see also Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (holding that "special circumstances" can excuse failure to exhaust in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown").
[102] *See Leonardo v. Crawford*, 646 F.3d 1157, 1161–62 (9th Cir. 2011).
[103] Docket 10 at 12–13; Docket 13 at 33.
[104] Docket 10 at 12–13.
[105] *See id.* at 16.
[106] *Id.* at 16–17.
[107] *Id.*
[108] *Id.*
[109] Docket 13 at 33–34.
[110] *Id.* (citing AS 12.30.030(a); Alaska R. App. P. 207).

R&R re § 2241 Petition 14
*Hawes v. Angol*

1 | Petitioner's complaints about his attorney's conduct do not justify his failure to pursue this remedy.[111] The Court agrees.

Petitioner has not shown that exhaustion of his excessive bail claim would be futile, that an appeal would be inadequate or not efficacious, or that irreparable injury would result from declining to waive the exhaustion requirement. To the extent that Petitioner faults his defense counsel for not pursuing available appeals, that is not a valid basis to override the exhaustion requirement. Similarly, to the extent that Petitioner suggests that he was unable to exhaust his excessive bail claim because he was not present at all three of the bail hearings he has had,[112] that does not excuse his failure to exercise his right to appeal any of the Superior Court's ensuing rulings. The record demonstrates that Petitioner, through his defense counsel, can and has repeatedly challenged the security amount as initially set, including at the March 2022 bail hearing at which Petitioner acknowledges he was present.[113]

Accordingly, the Court finds that Petitioner has failed to demonstrate any basis to waive the prudential exhaustion requirement. The Court therefore recommends that Petitioner's excessive bail claim, to the extent that Petitioner seeks release from pretrial detention, be dismissed for failure to exhaust his state court remedies.

//
//
//
//
//
//
//
//
//

---

[111] *Id.* at 34.

[112] *See* Docket 15 at 10. The Court notes that the record contradicts Petitioner's unsupported assertion that he was not present at all of his bail hearings. *See* Docket 13-3 at 30, 35, 37; *see also* Docket 10-2.

[113] Docket 13-3 at 30–33, 35, 37–38.

## IV. CONCLUSION

Because Petitioner's claims are not cognizable in federal habeas, subject to *Younger* abstention, or unexhausted, the Court recommends that they be **DISMISSED** without prejudice.[114] A certificate of appealability should not issue.[115]

DATED this 25th day of June, 2025, at Anchorage, Alaska.

/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[116] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[117]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[118] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal

---

[114] Because the Court recommends that Petitioner's claims be dismissed as unexhausted or subject to *Younger* abstention, it declines to address Respondent's arguments for denial of Petitioner's claims on the merits.

[115] *See* 28 U.S.C. § 2253(c)(1)(A); *see also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability may be granted only if the applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotations and citations omitted)). Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

[116] 28 U.S.C. § 636(b)(1)(B).
[117] *Id.* § 636(b)(1)(C).
[118] *Id.*

authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[119]

---

[119] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

R&R re § 2241 Petition
*Hawes v. Angol*
3:24-cv-00124-SLG-KFR